UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR07-00343JLR |
| Plaintiff, | ORDER |
| v. | |
| MIGUEL ANGEL JIMENEZ, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is *pro se* Defendant Miguel Angel Jimenez's motion for a reduction of sentence under Amendment 833 to the United States Sentencing Guidelines. (Mot. (Dkt. # 564).)  Plaintiff the United States of America (the "Government") opposes the motion.  (Resp. (Dkt. # 565).)  The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Jimenez's motion.

//

ORDER - 1

## II.   BACKGROUND

In 2011, Mr. Jimenez was sentenced to 340 months in custody for nineteen criminal counts to be served concurrently: one count of Conspiracy to Distribute Cocaine, one count of Conspiracy to Import Cocaine, one count of Conspiracy to Engage in Money Laundering, and sixteen counts of Money Laundering.  (Resp. at 1-2; *see also* Judgment (Dkt. # 423) at 2-3.)  In January 2024, the court reduced Mr. Jimenez's sentence to 274 months pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), consistent with U.S.S.G. § 1B1.10.  (*See* 1/4/24 Order (Dkt. # 554).)  Mr. Jimenez is currently detained at the Federal Correctional Institution in Loretto with a projected release date in October 2027.  (Mot. at 1; Resp. at 3.)

## III.   ANALYSIS

Mr. Jimenez seeks a sentence reduction pursuant to Amendment 833 to the Sentencing Guidelines.  (Mot. at 1.)  The Government argues that the court lacks jurisdiction to reduce Mr. Jimenez's sentence because (1) Amendment 833 does not apply retroactively to Mr. Jimenez because he is serving a final sentence, and (2) even if Amendment 833 did apply, it would not lower Mr. Jimenez's sentencing range.  (Resp. at 1.)  The court sets forth the standard of review before turning to its analysis of Mr. Jimenez's motion.

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The court begins with the principle that a "judgment of conviction that includes [a sentence of imprisonment]

ORDER - 2

constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(2), however, "allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014); *see* 18 U.S.C. § 3582(c)(2). District courts lack jurisdiction to modify a sentence under § 3582(c)(2) unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 732 (9th Cir. 2009).

Amendment 833, which went into effect on November 1, 2025, amended *inter alia* U.S.S.G. §§ 2D1.1 and 3B1.2, and instructs courts on the application of a mitigating role adjustment for drug offenders with minimal or minor participation in any criminal activity. *See Amendment 833*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/833 (last visited February 13, 2026). Relevant here, the policy statement to the Sentencing Guidelines provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (d) below*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1) (2025 ed.) (emphasis added). "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [] *[n]one of the amendments listed in subsection (d) is applicable to the defendant*." U.S.S.G. § 1B1.10(a)(2)(A) (emphasis

added).  Courts consider three factors when determining whether an amendment to the Sentencing Guidelines applies retroactively: "(1) whether the amendment is listed as a retroactive amendment in U.S.G.G. § 1B1.10[ ]; (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split." *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (citation omitted).

Here, the court lacks jurisdiction to modify Mr. Jimenez's sentence because Amendment 833 is not retroactively applicable.  First, Amendment 833 is not among the covered amendments identified in § 1B1.10(d) which means it has not been made retroactive by the Sentencing Commission.  *See* § 1B1.10(d) (listing the amendments to which § 1B1.10(a)(1) applies); *see also United States v. Kleinknecht*, No. 4:21-CR-3066, 2025 WL 3678479, at *1 (D. Neb. Dec. 18, 2025) ("The Sentencing Commission *considered* whether to make Amend[ment] 833 retroactive . . . [b]ut after public notice and comment, the Commission decided not to.") (citations omitted) (emphasis in original).  Furthermore, Amendment 833 inserted a substantive addition to rather than a clarification of § 2D1.1, and did not resolve a circuit split.  Accordingly, because Amendment 833 cannot be applied retroactively to a defendant who is serving a term of imprisonment, Mr. Jimenez is not eligible for a sentence reduction.  Consequently, the court denies Mr. Jimenez's motion for a reduction of sentence.

//

//

//

//

ORDER - 4

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Jimenez's motion (Dkt. # 564).


Dated this 13th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5